STATE v. MICHAEL.

(In Banc. Feb. 10, 1947.)

[29 So. (2d) 117. No. 36151.]

**Greek L. Rice**, Attorney General, by **R. O. Arrington**, Assistant Attorney General, for appellant.

**McGehee, J.**, delivered the opinion of the Court.

The State appeals from the judgment of the trial court which sustained a demurrer to the indictment herein.

The indictment is drawn under Section 2250, Code 1942, which provides, among other things, as follows: "If any person shall move, or cause to be removed, to any place beyond the jurisdiction of this state, any personal property which shall at the time of such removal be under . . . deed of trust, . . . with intent to

defraud the . . . cestui que trust, . . . he shall be guilty of a misdemeanor, . . . ," etc.

The preliminary recitals by way of inducement contained in the indictment are to the effect that Art Murphy, being the owner of a certain Ford automobile, executed a good and valid trust deed thereon in favor of the Security Bank at Corinth, Mississippi, to secure an indebtedness of $1,102.50; and that thereafter, while the said indebtedness was outstanding and unpaid, and the deed of trust was in full force and effect, the said R. C. Michael, with full knowledge in the premises, "unlawfully, wilfully, and knowingly did remove said Ford automobile to a place beyond the jurisdiction of the State of Mississippi and into the State of Tennessee without the consent of the said Security Bank, with the unlawful intent then and there to defraud the aforesaid Security Bank." The indictment also charged, of course, that the automobile was removed from Alcorn County where the lien was against it.

We assume that the demurrer was sustained on the ground that: "The indictment is not presented against him (R. C. Michael) but against Art Murphy."

It will be observed from the language of the foregoing statute that the same is not directed alone against the person who may have given a deed of trust on the property which he removes beyond the jurisdiction of the State, but is also against any person who shall move, or cause the same to be removed, with intent to defraud cestui que trust. And, we are unable to agree with the contention that the indictment was presented against Art Murphy. The other grounds of the demurrer are likewise not well-taken.

Reversed and remanded.